GUERBER ENGINEERING COMPANY, RESPONDENT, v. JOHN STAFFORD ET AL., APPELLANTS.

Argued March 8, 1921—Decided June 20, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This was a mechanics' lien suit. The trial resulted in a verdict for the plaintiff for $19,142.49. From the judgment entered thereon the defendants appeal.

"The first ground of appeal is that the court erred in permitting the jury to pass upon a question of fraud and estoppel involved in the case, for the reason that the court and not the jury should have determined it. It appeared in the case that the secretary of the plaintiff company had exhibited to certain parties who were contemplating the taking of a mortgage upon the Ambassador Hotel property [being the property upon which the lien was filed] certain receipts showing payments

on account of the plaintiff's claim, whereas, in fact, such payments had not been made, except by the giving of promissory notes; and the defendants' contention was that these receipts were exhibited for the purpose of fraudulently inducing the intending mortgagees to make the loan which was sought from them. Whether such was the secretary's purpose in exhibiting the receipts was a question of fact for the jury. Moreover, assuming that it was, the fraud could not bind the plaintiff unless it was a party to it, or unless, after it became cognizant of it [if it did so], it retained the benefit of its secretary's action. These questions, also, were questions of fact, and were properly left to the jury.

"The next contention on the part of the defendants is that, assuming that the question of fraud was a jury question, the court erred in charging that the burden of proof was on the defendants to show its existence. We consider this instruction proper. The law presumes that business transactions are honest. In other words, fraud is never presumed, and where a party to the transaction alleges its existence, the burden rests upon him of proving the truth of his allegation.

"Next, it is argued that the court erred in its charge to the jury in limiting the use and effect of these receipts to the doctrine of estoppel, when fraud should have been included in the instruction. It is enough to say, in disposing of this contention, that when the alleged error was called to the attention of the court at the close of the charge, he recalled the jury and further instructed them in accordance with the contention of defendants' counsel. No objection was made to the further instruction, and it must be assumed, therefore, that it was satisfactory to them.

"It is further argued that the court ought to have charged the jury a request submitted by the defendants, to the effect that if the jury found that the plaintiff intended to waive its right of lien when it accepted the notes and gave the receipts, there must be a verdict in favor of the owner. This request, we think, was properly refused, for there was no proof in the case which would justify the jury in finding that such intent existed.

"Next, it is said that the court ought to have directed a verdict for the defendants. This contention is without substance, for the proofs submitted clearly made the validity of the plaintiff's claim one to be passed upon by the jury.

"Another contention is that the court erred in permitting an amendment to be made to the lien claim during the trial, and after the parties had rested their case. Our statute authorizes either a justice of the Supreme Court or the trial judge to allow the amendment of a lien claim [within the meaning of the statute] at any time before the entry of judgment; and the amendments permitted in this case were not outside of the statutory limitations.

"The defendants also criticised certain rulings on evidence. We have examined them and find the criticism without merit. The matters presented are not of sufficient importance to justify further reference to them.

"We conclude that the judgment under review should be affirmed."

For the appellants, *Clarence L. Cole* and *Robert R. Howard.*

For the respondent, *Clarence L. Goldenberg* and *Louis E. Stern.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.